UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BEFE REID,

                                        Plaintiff,

   vs.

                                                             9:05-CV-6

NEW YORK STATE DEP'T OF                         (J. Kahn)
CORRECTIONAL SERVICES, et al.,

                                        Defendants.

_____

APPEARANCES                                        OF COUNSEL

BEFE REID
Plaintiff pro se

ELIOT SPITZER                              DAVID FRUCHTER
New York State Attorney General           Asst. Attorney General
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

    In this amended civil rights complaint, plaintiff alleges that due to the actions of defendant Keefe, plaintiff's good time was improperly withheld. (Dkt. No. 8). Plaintiff seeks monetary and injunctive relief.

    Presently before the court is plaintiff's motion for summary judgment pursuant to FED. R. CIV. P. 56. (Dkt. No. 21). Defendant Goord has responded and has cross-

moved for summary judgment in defendant Goord's favor.[1] (Dkt. No.35). Plaintiff has responded to defendant Goord's cross-motion. (Dkt. No. 46). For the following reasons, this court agrees with defendant and will recommend dismissing the action for damages as to defendant Goord and will *sua sponte* recommend dismissing any claims for immediate restoration of good time.

## DISCUSSION

**1.    Summary Judgment**

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. FED. R. CIV. P. 56; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). "Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion." *Id*. However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

At that point, the nonmoving party must move forward with specific facts

---

[1] There were originally three defendants in this action. The first defendant was the "Department of Correctional Services", the second defendant was Corrections Counselor Keefe, and the third defendant was Commissioner Goord. In Judge Kahn's initial order, he informed plaintiff that he could not sue the Department of Correctional Services (DOCS) for damages. (Dkt. No. 6). Thus, DOCS is not a defendant in this action, and at the time that defense counsel made the cross-motion for summary judgment, defendant Goord was the only defendant who had been served. Thus, the cross-motion for summary judgment applies only to defendant Goord. Defendant Keefe was ultimately served and answered the amended complaint on March 3, 2006. (Dkt. No. 48).

showing that there is a genuine issue for trial. *Id*. *See also Burt Rigid Box v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002)(citations omitted). However, only disputes over facts that might affect the outcome of the suit under governing law will properly preclude summary judgment. *Salahuddin v. Coughlin*, 674 F. Supp. 1048, 1052 (S.D.N.Y. 1987)(citation omitted).

## 2.   **Plaintiff's Contentions**

A review of the facts as stated by plaintiff is necessary in order to properly determine what plaintiff is requesting in this action. Plaintiff alleges that in August of 2001, while he was incarcerated at the Fishkill Correctional Facility, he was given a misbehavior report for violating three different DOCS Rules: 106.10 (violating a direct order); 107.10 (interference); and 101.10 (a "sexual offense"). Plaintiff states that the sexual offense involved plaintiff placing his hand in a "male private part" area. Amended Complaint ¶ 6. Plaintiff was found guilty of the interference charge as well as the "sexual offense" charge. *Id.* at ¶ 7. Plaintiff received a penalty of 90 days keeplock, a loss of privileges, and a loss of three months of good time. *Id.* In addition, plaintiff states that he was forbidden to have contact with female personnel. *Id.*

Plaintiff appealed this determination, but the finding was affirmed at all administrative levels. *Id.* ¶ 8. Prior to his final administrative appeal, plaintiff alleges that he was transferred to Gouverneur Correctional Facility. *Id.* Plaintiff states that he was told by a corrections counselor at Gouverneur that because of the "sexual offense" misbehavior, plaintiff would be required to participate in the "Sexual Offender Program (SOP)." *Id.*

3

On October 22, 2001, plaintiff was transferred to Auburn Correctional Facility and filed an Article 78 proceeding in New York State court, challenging the August 2001 disciplinary determination. *Id.* ¶ 9. Plaintiff alleges that although the Article 78 proceeding was dismissed because of timeliness, plaintiff moved for and was granted re-argument. The petition was ultimately dismissed, but plaintiff states that he filed an appeal. Plaintiff states that in November of 2002, he was transferred to Comstock Correctional Facility, where he was interviewed for the SOP. However, plaintiff states that he was never placed into the program, and he wrote a letter to a corrections counselor stating that plaintiff believed that he was not being placed in the program due to the pending appeal of the Article 78 proceeding. *Id.* at ¶ 10.

Plaintiff states that he filed a grievance on March 25, 2003 regarding the failure to place him into the SOP, and that on April 16, 2003, the grievance was denied, stating that plaintiff had been notified of the SOP and had signed an acknowledgment of the SOP. *Id*. The notice further stated that plaintiff was required to complete the SOP prior to release. *Id.* Plaintiff states that two months later, he was transferred to Franklin Correctional Facility, but that Franklin did not offer the SOP. Plaintiff claims that at Franklin, he was interviewed by defendant Keefe, who told plaintiff that he was required to complete the SOP and that again, plaintiff signed an acknowledgment of this information. *Id.* at ¶ 11.

Plaintiff claims that defendant Keefe made a false entry in plaintiff's guidance file, stating that plaintiff *refused* the SOP. *Id.* Plaintiff states that he obtained the "Guidance Quarterlies" from the other facilities in which he was incarcerated, but that

4

these documents showed that plaintiff was on the "waiting list" for the SOP. Plaintiff then quotes the allegedly "false" entry. The paragraph quoted by plaintiff states that the plaintiff "acknowledged his need for the sex offender program and indicated his willingness to attend and participate." *Id.* The next portion of the quote states that "[h]owever, the inmate does not admit guilt stating that he is appealing under Article 78." Finally, the quote ends by stating that plaintiff was "advised this would be the same as a refusal of the program and [sic] could face 5 years potential loss of good time from time allowance committee."

Plaintiff claims that defendant Keefe has abused his authority by stating that plaintiff's Article 78 proceeding is deemed a "refusal" to participate in the SOP. Plaintiff claims that he has been denied the opportunity to participate in the SOP because of defendant Keefe, and that defendants "retaliated" against plaintiff for exercising his right to appeal the disciplinary determination. Plaintiff also alleges that defendant Keefe made racial threats and comments and verbally harassed plaintiff. Complaint at p.9. Plaintiff claims that defendant Keefe prevented plaintiff from being transferred to a facility in which the SOP was available.

Finally, plaintiff claims that defendant Keefe conspired with the other defendants to prevent plaintiff from completing the required program which ultimately led to the Time Allowance Committee's denial of four years of good time. Complaint ¶ 23. Plaintiff claims that the conspiracy was "racially motivated." *Id.* In addition to seeking monetary damages, plaintiff requests that the court order defendant Goord to allow plaintiff to appear before another Time Allowance Committee so that plaintiff's

good time may be reinstated. Complaint ¶ 24.

The court would point out that the only defendant making this cross-motion for summary judgment is defendant Goord. At the time of the cross-motion, defendant Goord was the only defendant served. Defendant Keefe filed his answer on March 3, 2006.

### 3. **Respondeat Superior**

The personal involvement of a defendant is a prerequisite to the assessment of damages in a section 1983 action. *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001)(quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A plaintiff cannot proceed under the theory of *respondeat superior*. *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). A plaintiff may demonstrate the requisite personal involvement by showing that (1) the defendant personally participated in the alleged constitutional violation; (2) was grossly negligent in supervising subordinates who committed the wrongful act; or (3) exhibited deliberate indifference to plaintiff's rights by failing to act upon information indicating that unconstitutional acts were occurring. *Colon v. Coughlin* 58 F.3d 865, 873 (2d Cir. 1995).

Even by plaintiff's own allegations, defendant Goord did not personally participate in any aspect of plaintiff's claims. There is no indication that defendant Goord even knew about plaintiff's situation, his disciplinary hearing or the subsequent imposition of the SOP requirement. Thus, he was not grossly negligent or deliberately indifferent to whatever constitutional violations plaintiff claims to have suffered.

Defendant Goord has submitted an affidavit outlining his duties as Commissioner of the Department of Correctional Services (DOCS). Goord Aff. Defendant Goord states in his affidavit that the day-to-day operations of the offices, divisions, and bureaus of DOCS are overseen by the particular heads of those offices, divisions, and bureaus, and those individuals are in a chain of command over which defendant Goord is the supervisor. Goord Aff. ¶ 10.

Defendant Goord also states that his office receives several thousand letters per year, and these letters are reviewed by subordinates, who then determine to whom these letters should be referred for appropriate action. *Id.* ¶ 11. Thus, even if plaintiff had written a letter to defendant Goord, chances are he would not have seen the letter, and even if he had seen the letter, it would have been referred to the proper department for review and action. Simply receiving a letter of protest from an inmate is not a sufficient basis to establish liability under section 1983. *Boddie v. Morgenthau*, 342 F. Supp. 193, 203 (S.D.N.Y. 2004).

Defendant Goord states that although appeals from the Time Allowance Committee are ultimately reviewed by the "Commissioner" or his "designee", defendant Goord has delegated that duty to the office of Donald Selsky, the Director of Special Housing/Inmate Discipline. *Id.* ¶ 17. In fact, a review of the appeal in plaintiff's case, attached to the Goord Affidavit, shows that the document was signed by Donald Selsky. *Id.* ¶ 18 & Ex. A. There is no indication that defendant Goord ever saw or participated in this decision. There is also no indication that defendant Goord was either grossly negligent in managing his subordinates, and certainly no showing

that he was "deliberately indifferent" to any constitutional violations that were allegedly occurring since he never even knew about plaintiff's case. Therefore, any claims for **damages** may be dismissed as against defendant Goord.

## 4. <u>Injunctive Relief</u>

However, the fact that defendant Goord may not be liable for damages does not mean that he would not be liable for prospective injunctive relief as long as he has a direct connection to, or responsibility for, the alleged illegal action. *Boddie*, 342 F. Supp. 2d at 203 (citing *Loren v. Levy*, 00 Civ. 7687, 2003 U.S. Dist. LEXIS 4903, *31 (S.D.N.Y. March 31, 2003)). An injunction may be issued only if the official has the authority to perform the required act. *Id.* (citing *Loren, supra*). *See also Schallop v. N.Y. State Dep't of Law*, 20 F. Supp. 2d 384, 391 (N.D.N.Y. 1998). There is no argument regarding whether defendant Goord would have the authority to order a placement in the SOP or a reappearance before a new Time Allowance Committee. Thus, at this time, the court will not make any finding regarding plaintiff's request for injunctive relief as it relates to defendant Goord.

The court would note that the issue of the type of injunctive relief requested could be a problem in this case. Plaintiff seems to be requesting **both** the opportunity to appear before a new Time Allowance Committee, without the alleged "refusal" on his record and also requesting reinstatement of the good time that he was denied by the Committee in October of 2003. *See* Amended Complaint at ¶ 24(A).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the

plaintiff would necessarily invalidate a ***criminal conviction*** unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87.

*Edwards v. Balisok*, 520 U.S. 641 (1997) extended the rationale in *Heck* to section 1983 challenges to prison disciplinary proceedings in which a decision in plaintiff's favor would necessarily reverse the administrative decision revoking a plaintiff's good-time credits, thereby affecting the length of the plaintiff's confinement. 520 U.S. at 644.  The rationale in *Heck* has also been extended to parole decisions as well as any decision in which a denial of good time is involved. *See Lampkin v. New York City Dep't of Corrections*, 00 Civ. 7165, 2001 U.S. Dist. LEXIS 2141 (S.D.N.Y. March 1, 2001); *Hill v. Goord*, 63 F. Supp. 2d 254, 260 (E.D.N.Y. 1999).

The court also notes that in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court held that where an inmate was challenging parole ***procedures***, and a favorable decision would ***not*** necessarily imply the invalidity of the confinement or shorten its duration, then the inmate could bring a section 1983 action instead of a habeas corpus petition with its exhaustion of remedies requirement.  In this case, to the extent that plaintiff seeks an automatic return of his good time, he cannot obtain that relief in this action.  Thus, any of plaintiff's causes of action that request the restoration of good time may be dismissed.

However, if plaintiff is seeking the ability to participate in the SOP or an

appearance before another time allowance committee, then it is possible that he may be able to obtain that type of relief in this action. Defendants have made no arguments in this regard, and defendant Keefe has only recently been served and did not take part in this summary judgment motion, so this court is not making any specific findings regarding whether any type of relief is available to plaintiff in this action.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that plaintiff's motion for summary judgment (Dkt. No. 21) be **DENIED**, and it is

**RECOMMENDED,** that defendant Goord's cross motion for summary judgment (Dkt. No. 35) be **GRANTED** to the extent that plaintiff seeks damages from defendant Goord, and **DENIED** in all other respects, and it is further

**RECOMMENDED,** that plaintiff's requests for outright restoration of good time be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 2, 2006

Hon. Gustave J. DiBianco
U.S. Magistrate Judge