UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BEFE REID,

        Plaintiff,

  -against-                                9:05-CV-0006
                                                (LEK/GJD)

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, *et al*.,

        Defendants.

**DECISION AND ORDER**

      This matter comes before the Court following a Report-Recommendation filed on May 2, 2006, by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 49). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Reid, which were filed on July 5, 2006 (after receiving extensions of time to file). Objections (Dkt. No. 53).

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation

1

should be approved for the reasons stated therein.[1]

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 49) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Motion for summary judgment (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED**, that Defendant Goord's Cross-Motion for summary judgment (Dkt. No. 35) is **GRANTED IN PART only** as to Plaintiff's request for damages from Defendant Goord, and is **DENIED IN ALL OTHER RESPECTS**; and it is further

**ORDERED**, that Plaintiff's Request for outright restoration of good-time credits is **DENIED and DISMISSED**; and it is further

---

[1] The Court does, though, note three errors in the Report-Recommendation. First, Judge DiBianco mentions only three of the five ways in which a plaintiff may demonstrate the personal involvement of an official sufficient for a claim under 42 U.S.C. § 1983. See Report-Rec. (Dkt. No. 49) at 6. The two not mentioned are: "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong[; or]... the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).
Second, the case of Bodie v. Morgenthau is mis-cited as 342 F. Supp. 193 (S.D.N.Y. 2004), while the case's correct citation is **342 F. Supp. 2d 193 (S.D.N.Y. 2004)**. Report-Rec. (Dkt. No. 49) at 7.
Third, the case of **Lampkin v. New York City Dep't of Probation**, 00 Civ. 7165 (WK), 2001 U.S. Dist. LEXIS 2141 (S.D.N.Y. Mar. 1, 2001), is mis-cited as Lampkin v. New York City Dep't of *Corrections*. See Report-Rec. (Dkt. No. 49) at 9.
However, upon review by the Court, none of the errors impact in a material manner on the findings or recommendations contained in Judge DiBianco's Report-Recommendation.

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   September 26, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge